UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Edwin Valdez-Aguilar

    v.                                    Case No. 17-cv-068-PB
                                              Opinion No. 2019 DNH 031

Michael Zenk, Warden, New
Hampshire State Prison

**O R D E R**

Before the court is pro se petitioner Edwin Valdez-Aguilar's petition for a writ of habeas corpus. Valdez-Aguilar claims that his Fifth, Sixth and Fourteenth Amendment rights to due process and effective assistance of counsel were violated during his July 2007 plea and sentencing for attempted murder. Respondent Michael Zenk, Warden of New Hampshire State Prison has moved to dismiss. Because Valdez-Aguilar's claims depend upon the incorrect legal theory that attempted murder is a "non-existent" crime in New Hampshire, I grant the Warden's motion.

## I. BACKGROUND

In July 2007, Valdez-Aguilar pled guilty to one count of attempted murder and one count of second-degree assault. See Doc No. 12-4 at 12-13. The charges arose from his firing a rifle at a woman, hitting her shoulder and neck. He was sentenced to 25-years-to-life for attempted murder and 3 1/2 to 7 years for second-degree assault. Doc. No. 12-4 at 12-13. Valdez-Aguilar waived sentence review. See Doc. No. 14-1.

1

After the one-year statute of limitations had run on his federal habeas claim, Valdez-Aguilar filed, in February 2010, a pro se petition for a writ of habeas corpus in Merrimack County Superior Court. He alleged that he did not understand the terms of the plea agreement due to his lack of English, and thus received substantially more prison time than he expected. Doc. No. 12-1 at 5. After considering testimony from Valdez-Aguilar, a deposition of his former counsel and a recording of the original plea colloquy, the court found that counsel's failure to secure an interpreter was not ineffective assistance because Valdez-Aguilar had rebuffed the idea of a translator, never requested one from the court, and his counsel spoke and wrote fluent Spanish. Doc. No. 12-1 at 7-14. In dismissing Valdez-Aguilar's petition, the court further found that his counsel had adequately explained the proceedings to him. Doc. No. 12-1 at 15. In May 2011, the New Hampshire Supreme Court declined his appeal from this decision. See Doc. No. 12-2.

Five years later, in June 2016, Valdez-Aguilar moved to vacate his sentence in superior court. See Doc. No. 12-4 at 3. He argued that his "conviction for attempted murder [was] a non-existent offense." Doc. No. 12-4 at 3. The court denied that motion in October 2016, see Doc. No. 14-4 at 8-9, and the New Hampshire Supreme Court declined his appeal on January 17, 2017. See Doc. No. 14-5.

Valdez-Aguilar filed his petition in this case on February 16, 2017.  See Doc. No. 1.  His petition states three grounds for relief: first, that his conviction for attempted first degree murder is a non-existent offense, second, that his plea was not made knowingly, intelligently and voluntarily because he depended upon erroneous advice of legal counsel in pleading to a non-existent offense, and third, that "counsel was ineffective for pleading plaintiff to a non-existent offense."[1]  See Doc. No. 1 at 5-8.

## II. STANDARD OF REVIEW

In ruling on a motion to dismiss a habeas corpus petition, I apply a similar standard to the more familiar Fed. R. Civ. P. 12(b)(6) test.  See Walker v. Kelly, 589 F.3d 127, 138-39 (4th Cir. 2009).  I decide whether the petition contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S.

---

[1] Valdez-Aguilar argued in state court but not here that the failure to provide him an interpreter during the plea hearing constituted ineffective assistance of counsel.  See Doc. No. 12-1 at 5.  That claim was fully litigated, and rejected, in state court.  See Doc. No. 12-2.  It also would also have failed here.  The record indicates that Valdez-Aguilar declined the use of an interpreter, his counsel spoke and wrote fluent Spanish, and he never requested an interpreter during the proceedings.  See Doc. No. 12-1 at 13.  The state adjudication was therefore not contrary to federal law, did not involve an unreasonable application of federal law, and did not result in a decision based on an unreasonable determination of the facts.  See 28 U.S.C. § 2254(d).

662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

I make this determination in two steps. See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011). First, I screen the complaint for statements that "merely offer legal conclusions couched as fact or threadbare recitals of the elements of a cause of action." Id. (citations, internal quotation marks and alterations omitted). A claim consisting of little more than "allegations that merely parrot the elements of the cause of action" may be dismissed. Medina-Velazquez v. Hernandez-Gregorat, 767 F.3d 103, 109 (1st Cir. 2014) (quoting Ocasio-Hernández, 640 F.3d at 12. Next, I credit as true all non-conclusory factual allegations and the reasonable inferences drawn from those allegations, and then to determine if the claim is plausible. See Debnam v. FedEx Home Delivery, 766 F.3d 93, 97 (1st Cir. 2014). The plausibility requirement "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of illegal conduct. Twombly, 550 U.S. at 556.

### III. ANALYSIS

All three of Valdez-Aguilar's substantive arguments are based on the premise that New Hampshire does not recognize the crime of attempted murder. As I explain below, because this

premise is incorrect, his claims necessarily fail, and his petition must be dismissed.[2]

The New Hampshire Supreme Court has squarely held that "attempted murder is a generic crime comprising an act committed with the purpose to cause the death of another, when that act is a substantial step toward the causation of death." State v. Allen, 128 N.H. 390, 396 (1986) (Souter, J.) (citing N.H. Rev. Stat. Ann. § 629:1). The superior court relied on the Allen decision when it denied Valdez-Aguilar's motion to vacate. See Doc. No. 14-4 at 9. When Valdez-Aguilar appealed the superior court decision, the New Hampshire Supreme Court declined to hear his appeal, which asked whether the court should "reconsider its holding in State v. Allen, that Attempted Murder is a 'generic crime' that includes all classifications of murder." See Doc. No. 14-4 at 6. And just last year, that court reiterated that "the State [is] not required to allege and prove an attempt to commit murder of a specific variety." See State v. Karasi, 170 N.H. 543, 547 n.1 (2018).

---

[2] The Warden argues that Valdez-Aguilar's claims are barred by the one-year statute of limitations that governs habeas corpus claims. When, however, "it is obvious that the petition lack[s] merit," I may avoid "an enigmatic threshold issue by cutting directly to the merits." Ramos-Martinez, 638 F.3d at 324-25. I follow that path here because Valdez-Aguilar has responded to the Warden's statute of limitations argument with an equitable estoppel claim that requires detailed factual analysis that is not needed given the obvious lack of merit of his substantive claims.

5

Even if I disagreed with the New Hampshire Supreme Court's interpretation, it is axiomatic that "state courts are the ultimate expositors of state law and that [federal courts] are bound by their constructions except in extreme circumstances." Mullaney v. Wilbur, 421 U.S. 684, 691 (1975) (internal citation omitted) (refusing to second guess Maine Supreme Judicial Court's construction of state homicide law).

In summary, because all three of Valdez-Aguilar's claims depend upon his incorrect assertion that New Hampshire does not recognize the crime of attempted murder, his claims necessarily fail, and his petition must be dismissed.[3]

## IV. CONCLUSION

Valdez-Aguilar's petition fails to state a claim upon which relief can be granted. Accordingly, I grant the motion to dismiss (Doc. No. 15).

Because the petitioner has failed to make a substantial showing of the denial of a constitutional right, the court

---

[3] Valdez-Aguilar asserts in one off-hand sentence that he is actually innocent of attempted murder because the jury might have found that he committed a "crime of passion." To the extent that he intends by this statement to assert a free standing actual innocence claim, his conclusory assertion cannot save his petition because it cannot possibly satisfy the "extraordinarily high" standard that applies to such claims. Herrera v. Collins, 506 U.S. 390, 417 (1993); Carriger v. Stewart, 132 F.3d 463, 476 (9th Cir. 1997) (en banc) (requiring a showing stronger than insufficiency of evidence). The mere possibility that a jury might have found Valdez-Aguilar not guilty of attempted murder if he had taken his case to trial cannot sustain a free standing actual innocence claim.

declines to issue a certificate of appealability, but petitioner may seek such a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.  See 28 U.S.C. § 2253(c)(2); Rule 11, Rules Governing Habeas Corpus Cases Under Section 2254; First Cir. LR 22.0.  The clerk of court shall enter judgment accordingly and close the case.

**SO ORDERED.**

/s/ Paul J. Barbadoro
Paul J. Barbadoro
United States District Judge

March 4, 2019

cc: Edwin Valdez-Aguilar, pro se
Elizabeth C. Woodcock, Esq.